David A. Chami, AZ #027585
Price Law Group, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
F: (818) 600-5415
E: david@pricelawgroup.com
*Attorneys for Plaintiff,*
*Domingo Martinez*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Domingo Martinez,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Alltran Financial, LP,<br><br>　　　　Defendant. | **Case No.**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>　1. TCPA, 47 U.S.C. § 227 *et. seq.*<br>　2. FDCPA, 15 U.S.C. § 1692 *et. seq.*<br><br>(Unlawful Debt Collection Practices) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Domingo Martinez ("Plaintiff"), through his attorneys, alleges the following against Alltran Financial, LP ("Defendant" or "Alltran"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded

messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendants transact business here; therefore, personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Arizona.

7. The Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. At all relevant times herein, Defendant, Alltran Financial, L.P, was a company engaged, by use of mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by *15 U.S.C. § 1692a(5)*.

9. Defendant is a debt collector with its principal place of business located in Houston, Texas. Defendant can be served with process through its agent for service of process, CT Corporation System, at 3800 North Central Avenue, Suite 460, Phoenix, AZ 85012.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and

insurers.

**FACTUAL ALLEGATIONS**

1. Defendant is attempting to collect an alleged debt from Plaintiff that originated with USAA Federal Savings Bank.

11. In or around May of 2018, Defendant began placing calls to Plaintiff's cellular phone number ending in 2213, in an attempt to collect an alleged debt.

12. The calls placed by Defendant mainly originated from (520) 226-9720. Upon information and belief, these phone numbers are owned, operated or controlled by Defendant or its agent(s).

13. On or about May 12, 2018, at 8:24 a.m., Plaintiff received a phone call from Defendant on his cell phone; Plaintiff heard a short pause before one of Defendant's agents began to speak, indicating the use of an automated telephone dialing system.

14. During this conversation, Plaintiff spoke to a representative, who indicated that Defendant was attempting to collect a debt.

15. Plaintiff stated to the representative, Leonard Mitchell, that he did not want Defendant to call him anymore.

16. That request was ignored as Plaintiff continued to receive phone calls from the Defendant throughout the month of May, June, and July 2018.

17. On or about July 13, 2018, at 3:32 p.m., Plaintiff received a phone call from Defendant on his cell phone; Plaintiff heard a short before one of Defendant's agents began to speak, indicating the use of an automated telephone dialing system.

18. During this conversation, Plaintiff spoke to a representative, who indicated that Defendant was attempting to collect a debt.

19. Plaintiff stated to the representative that he has a financial hardship, he does not have any money to make a payment, that he wants Defendant to stop calling him and that he would call Defendant when he could make a payment.

20. Between May 12, 2018 and September 19, 2018, Defendant called Plaintiff approximately thirty-five (35) times after he requested to not be called on two (2) separate occasions.

21. Defendant's calls were intended to harass Plaintiff so that he would make a payment to get the calls to stop.

22. Defendant was aware that Plaintiff was facing a financial hardship, had no money, and could not make a payment, as Plaintiff advised in one of his discussions with Defendant.

23. The calls violated the FDCPA in multiple ways, including but not limited to:

    a. Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt (15 U.S.C. § 1692d);

    b. Using unfair or unconscionable means in an attempt to collect a debt (15 U.S.C. § 1692f);

    c. Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number (15 U.S.C. § 1692d(5));

24. The conduct was not only willful but was done with the intention of causing Plaintiff such distress, so as to induce him to pay the debt.

25. Plaintiff works for the military and is a contractor to the government.

26. Plaintiff has not had much work assigned to him and he began to face financial difficulty.

27. Plaintiff has been diagnosed with Attention Deficit Disorder and takes prescription medication to help with his condition.

28. The constant automated debt collection calls, even after Plaintiff requested them to stop on two separate occasions, has caused Plaintiff to suffer from stress, anxiety, frustration, headaches, and emotional and mental pain and anguish.

29. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, stress, anxiety, embarrassment, emotional and mental pain and anguish.

## COUNT I

**(Violations of the TCPA, 47 U.S.C. § 227)**

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular

telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendants knowing and/or willfully violated the TCPA.

32. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendants knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

**(Violation of the Fair Debt Collection Practices Act,
15 U.S.C. § 1692)**

33. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

34. Defendant violated the FDCPA. Defendants violations include, but are not limited to, the following:

   a. Defendants violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

   b. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

   c. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

35. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

36. Defendant was aware of Plaintiff's financial hardship, and that Plaintiff had requested that Defendant stop calling him, yet Defendant continued to call Plaintiff even after he explained two (2) requests to stop.

37. As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Domingo Martinez respectfully requests judgment be entered against Defendant, Alltran Financial, LP, for the following:

A. Declaratory judgment that Defendant violated the FDCPA;

B. Statutory damages of $1,000.00 pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2)(A);

C. Actual damages pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(1);

D. Costs and reasonable attorneys' fees pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(3)

E. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any other relief that this Honorable Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: December 19, 2018

By: /s/ *David A. Chami*
David A. Chami, AZ #027585
Price Law Group, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
E: david@pricelawgroup.com
Attorneys for Plaintiff,
*Domingo Martinez*