**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Domingo Martinez,<br><br>    Plaintiff,<br><br>v.<br><br>Alltran Financial LP,<br><br>    Defendant. | No. CV-18-04815-PHX-DLR<br><br>**ORDER** |

Plaintiff Domingo Martinez's complaint accuses Defendant Alltran Financial LP of violating the Telephone Consumer Protection Act and the Fair Debt Collection Practices Act by calling his cell phone using an automated telephone dialing system without prior consent. (Doc. 1.) In addition to denying liability, Defendant's answer purports to state sixteen affirmative defenses, of which Plaintiff has moved pursuant to Federal Rule of Civil Procedure 12(f) to strike the following thirteen:

> 1. The Complaint fails to state a claim upon which relief may be granted.
>
> . . .
>
> 3. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.
>
> 4. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, release, and waiver.
>
> 5. Any injuries that Plaintiff may have suffered, such being denied, were not as a result of any conduct on the part of Alltran.

> 6. Alltran's actions or inactions were not the proximate, legal, or substantial cause of any damages, injuries or losses suffered by Plaintiff, the existence of which is denied.
>
> . . .
>
> 9. Plaintiff has not suffered any injury.
>
> 10. Plaintiff lacks Article III standing.
>
> 11. Plaintiff lacks statutory and/or prudential standing.
>
> 12. Plaintiff is not entitled to the damages sought in the Complaint.
>
> 13. If Plaintiff suffered any damages or losses, such damages or losses were caused, in whole or in part, by Plaintiff's own conduct, acts or omissions.
>
> 14. Plaintiff failed to mitigate damages, if any.
>
> 15. Plaintiff's claims under the FDCPA are barred due to an absence of any actual damages. Hence, any statutory damages are an excessive fine and violate Alltran's rights under the Due Process and Takings Clause of the United States Constitution and/or applicable state constitutions.
>
> 16. Alltran reserves the right to amend its Answer to add additional defenses as upon revelation of additional facts through investigation and discovery.

(Docs. 10, 12.)

Plaintiff's motion to strike is fully briefed (Docs. 14, 15). His request for oral argument is denied because the relatively insubstantial issues are adequately briefed and oral argument will not help the Court resolve them. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f)*; Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991). For the following reasons, Plaintiff's motion is granted in part and denied in part.

**I. Legal Standard**

On its own or upon timely motion by a party, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). As the word "may" indicates, whether to strike material that falls within the scope of Rule 12(f) is discretionary. Accordingly, the Court first must determine

whether it *may* strike the material at issue by assessing whether the defense is insufficient or whether the matter is redundant, immaterial, impertinent, or scandalous. If not, the Court may not strike it. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010). If so, the Court may (but is not required to) strike the material.

## II. *May* the Court Strike the Affirmative Defenses?

Plaintiff argues that the affirmative defenses at issue are insufficient because they lack supporting factual allegations, clearly will not be successful, and/or are denials of the elements of Plaintiff's claims, rather than affirmative defenses.

The Court rejects Plaintiff's contention that Defendant's fourth, eleventh, and fourteenth affirmative defenses (estoppel, release, and wavier; lack of prudential standing; failure to mitigate damages) are insufficient because they are stated in barebones, boilerplate fashion without supporting factual allegations. This critique is essentially an argument that the pleading standards for complaints announced in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) apply to affirmative defenses. This Court previously has weighed in on this question and concluded that these standards do not apply in this context. *See Craten v. Foster Poultry Farms Inc.*, No. CV-15-02587-PHX-DLR, 2016 WL 3457899 (D. Ariz. June 24, 2016). Defendant need not support its affirmative defenses with factual allegations; Rule 8(c) requires only that the pleading party "affirmatively state any avoidance or affirmative defenses," which Defendant has done here.

The Court also rejects Plaintiff's contention that Defendant's third, tenth, and eleventh affirmative defenses (statute of limitations; lack of standing; and lack of statutory standing) are insufficient because they clearly will not be successful. A motion to strike is an inappropriate vehicle to litigate the merits of a defense. *See Craten*, 2016 WL 3457899, at *4 (explaining that "the merits of the defense are not appropriate for resolution at such an early stage"). Relatedly, the Court rejects Plaintiff's argument that Defendant's fifteenth affirmative defense—that statutory damages would constitute an excessive fine in violation of Defendant's constitutional rights because Plaintiff has not suffered any

actual damage—should be stricken because it is hypothetical and premature. If the facts later reveal that Plaintiff has suffered actual damages, then Defendant's affirmative defense presumably will not succeed. But at this early stage, Defendant is entitled to preserve this affirmative defense. *Id.* ("Discovery will help refine the basis of the parties' claims and defenses, thereby allowing the Court to more knowledgeably address the . . . issue if it remains active after factual development.").

Plaintiff is correct, however, that many of Defendant's purported affirmative defenses are not true affirmative defenses, but instead are denials of elements of Plaintiff's claims. "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zikovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). "Such a defense is merely rebuttal against the evidence presented by the plaintiff." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173-74 (N.D. Cal. 2010). In contrast, an affirmative defense within the meaning of Rule 8(c) is one that precludes liability even if the plaintiff proves all the elements of his claim. "It is a defense on which the defendant has the burden of proof." *Id.*

This Court previously has concluded that Defendant's first affirmative defense—failure to state a claim upon which relief may be granted—is not a proper affirmative defense. *Craten*, 2016 WL 3457899, at *3. "The Federal Rules provide [a defendant] with a mechanism for challenging the sufficiency of [a plaintiff's] complaint: a motion to dismiss under Rule 12(b)(6)." *Id.* Similarly, Defendant's fifth, sixth, ninth, twelfth, and thirteenth affirmative defenses—which for various reasons deny that Plaintiff has suffered an injury or incurred damages, or that Defendant caused such injuries or damages—are not affirmative defenses, as Plaintiff bears the burden of proof on these matters. The same is true for Defendant's tenth and eleventh affirmative defenses, which assert that Plaintiff lacks various forms of standing.[1] *See Hernandez v. Dutch Goose, Inc.*, No. C 13-03537

---

[1] Although Plaintiff does not explicitly argue that lack of standing is not an affirmative defense, Rule 12(f) allows the Court to strike insufficient defenses on its own and the Court will not ignore the obvious fact that a plaintiff bears the burden of proving his standing. *See Washington Envtl. Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013). Moreover, because lack of standing is a jurisdictional defect, the issue is non-waivable and may be raised at any time. *Id.*

LB, 2013 WL 5781476, at *7 (N.D. Cal. Oct. 25, 2013) (collecting cases and explaining that lack of standing is not an affirmative defense because a plaintiff always bears the burden of proving that he has standing). Lastly, Defendant's sixteenth affirmative defense is not a defense, affirmative or otherwise. It is a declaration that Defendant reserves it right to amend its answer to add additional defenses based on the facts as they develop.

In sum, the Court may not strike Defendant's third, fourth, fourteenth, and fifteenth affirmative defenses because they are not insufficient, impertinent, immaterial, redundant, or scandalous. The Court may, however, strike Defendant's first, fifth, sixth, ninth, tenth, eleventh, twelfth, thirteenth, and sixteenth affirmative defenses because these are not proper affirmative defenses.

**III. *Should* the Court Strike These Affirmative Defenses?**

The purpose of a motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). With that said, "[m]otions to strike are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice." *Contrina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1774, 1182 (S.D. Cal. Mar. 19, 2015) (internal quotation and citation omitted). Accordingly, even when a defense (or affirmative defense, as is the case here) might be insufficient, courts generally will not grant a motion to strike unless the movant can show that the defense has "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Id.*

Plaintiff is not prejudiced by the inclusion of these matters in Defendant's answer. Plaintiff argues that he will be prejudiced because he will need to "commit resources to discovery regarding these defenses." (Doc. 12 at 12.) This argument is meritless because Plaintiff already bears the burden of proving matters such as standing, causation, and injury. Striking Defendant's improper affirmative defenses would not change Plaintiff's burden of proof and, therefore, would not change the evidence Plaintiff must be prepared to present.

On the other hand, Defendant's first, fifth, sixth, ninth, tenth, eleventh, twelfth, thirteenth, and sixteenth affirmative defenses plainly are improper and unnecessary. A defense which merely points out that a plaintiff has not met his burden of proof is not an affirmative defense. This proposition is longstanding and uncontroversial, yet Defendant still asserted eight "affirmative defenses" that are nothing more than denials that Plaintiff can meet his burden of proof.[2] Moreover, Defendant would not be prejudiced if the Court struck these improper matters because nothing would preclude Defendant "from arguing, in a motion or at trial, that [Plaintiff] has failed to state claim or lacks standing, or that his allegations or the evidence elicited during discovery fail to show that . . . Defendant caused him to suffer an injury." *Hernandez*, 2013 WL 5781476, at *7. Additionally, Defendant's sixteenth affirmative defense—a reservation of Defendant's right to amend its answer in response to new factual developments—is in no way a defense, affirmative or otherwise. This reservation also is unnecessary and ineffective. Rules 15 and 16, along with the Court's scheduling order, provide mechanisms for amending pleadings. That a party purports to "reserve" its right to amend its pleadings changes nothing about the standards governing motions for leave to amend pleadings.

As far as the parties are concerned, this is a "no harm, no foul" situation because whether the Court strikes the offending affirmative defenses will have no practical effect on the litigation. Motions to strike are disfavored for precisely this reason. *See, e.g., Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 821 (7th Cir. 2001) (advising counsel against filing motions to strike unless the matter at issue "is actually prejudicial," and lamenting that "[s]uch motions are what give 'motion practice' a deservedly bad name."); *Raymond Weil, S.A. v. Theron*, 585 F. Supp. 2d 473, 489-90 (S.D.N.Y. Sept. 30, 2008) (explaining, rather bluntly, that a motion to strike boilerplate affirmative defenses "wastes the client's money and the court's time."). One way to discourage litigants from filing motions to strike

---

[2] Though Defendant correctly notes that courts are divided over whether "failure to state a claim upon which relief may be granted" is a proper affirmative defense, Rule 12(b) requires that a motion to dismiss for failure to state a claim to relief "must be made before pleading if a responsive pleading is allowed," and the Ninth Circuit generally regards post-answer 12(b)(6) motions as untimely. *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004).

matters that are technically improper but not prejudicial is to deny such motions. Eventually, litigants will stop filing them if they know they are unlikely to succeed. Another way, however, is to grant them. If defendants are discouraged from pleading as affirmative defenses matters that plainly do not meet that definition, plaintiffs will have no reason to file motions to strike. Considering the Court already has devoted resources to resolving the motion, the Court will strike the offending matters from Defendant's answer because they plainly are not proper affirmative defenses.[3]

**IT IS ORDERED** that Plaintiff's motion to strike (Doc. 12) is **GRANTED IN PART** and **DENIED IN PART**. The Court strikes Defendant's first, fifth, sixth, ninth, tenth, eleventh, twelfth, thirteenth, and sixteenth affirmative defenses because they are not proper affirmative defenses. The Court will not strike Defendant's remaining affirmative defenses.

Dated this 23rd day of April, 2019.

Douglas L. Rayes
United States District Judge

---

[3] That being said, Plaintiff's complaint seeks, among other things, reasonable attorneys' fees. Should Plaintiff eventually succeed on his claims, the Court is unlikely to consider the instant motion to strike to be among those items for which attorneys' fees were *reasonably* incurred.