WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Domingo Martinez,<br><br>    Plaintiff,<br><br>v.<br><br>Alltran Financial LP,<br><br>    Defendant. | No. CV-18-04815-PHX-DLR<br><br>**ORDER** |

This is a Fair Debt Collection Practices Act ("FDCPA") case in which Plaintiff Domingo Martinez accuses Defendant Alltran Financial LP ("Alltran") of harassing him while trying to collect a debt. At issue is Alltran's motion for summary judgment, which is fully briefed. (Docs. 51, 55, 56.) For the following reasons, Alltran's motion is denied.

**I. Background**

In May 2018, USAA Savings Bank placed debt due under Martinez's account with Alltran for collection. Soon, Alltran began calling Martinez's number to collect the debt. Between May 9, 2018 and September 18, 2018, Alltran placed fifty-three calls to Martinez's number. All fifty-three calls were placed between 8:00 AM and 5:00 PM MST. Alltran never placed more than six calls in a single week, and the median number of calls per week was three. Alltran called more than once in one day on only one occasion: Alltran placed two calls on June 26, 2018 nearly nine hours apart and did not leave a message either time. Alltran left thirteen voicemails.

Alltran connected with Martinez twice: once in May 2018 (the "May call") and again in July 2018 (the "July call"). Alltran recorded these calls, but the recordings are hard to understand, especially near the end of each call. Martinez's notes confirm the connection difficulties: he wrote that it was "hard to hear in the mechanic garage" and he "had a little bit of cell signal" during the May call (Doc. 55-1 at 2), and it was "[t]oo loud at the museum" during the July call (Doc. 55-2 at 2). Martinez's hand-written notes indicate that he asked Alltran not to call again during both calls, but the call transcripts do not reflect these requests, nor do the recordings audibly substantiate them.

Alltran also made calls to several other numbers, including one that Martinez alleges belongs to his grandmother, and one that Martinez alleges belongs to his father. The six other numbers Alltran called proved either to be wrong numbers, disconnected numbers, or numbers at which there was no answer. Alltran made only one call to the number allegedly belonging to Martinez's grandmother, which Alltran noted was a wrong number. Alltran placed eighteen calls to the number allegedly belonging to Martinez's father. Alltran's records indicate that one of the calls to that number was answered by someone other than Martinez, who would not confirm if the number belonged to Martinez. Alltran placed most of the calls to this number within minutes of placing unanswered calls to Martinez's number. However, Alltran did not call any other number on the same day that Alltran connected with Martinez.

Based on these facts, Alltran asks the Court to enter summary judgment in its favor because no reasonable jury could conclude that Alltran was calling Martinez with the intent to harass him.

**II. Legal Standard**

Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the nonmoving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case, and a dispute is genuine if a reasonable jury could find for the nonmoving party based on the competing evidence. *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323. The burden then shifts to the non-movant to establish the existence of a genuine and material factual dispute. *Id*. at 324.

**III. Analysis**

Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d. As relevant here, a debt collector violates the FDCPA by "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." § 1692d(5).

The intent behind a debt collector's calls generally presents a question of fact. "Although the Ninth Circuit has not addressed the required proof of intent to annoy, abuse, or harass under Section 1692d(5), district courts generally agree that intent may be inferred from circumstantial evidence, such as the nature, pattern, and frequency of the debt collection calls." *Hinderstein v. Advanced Call Ctr. Techs.*, No. CV 15-10017-DTB, 2017 WL 751420, at *3 (C.D. Cal. Feb. 27, 2017). Courts "take different views as to the amount and pattern of calls sufficient to raise a triable issue of fact of intent." *Krapf v. Nationwide Credit Inc.*, No. SACV 09-00711 JVS (MLGx), 2010 WL 2025323, at *4 (C.D. Cal. May 21, 2010). There is no bright-line rule. The *Hinderstein* Court surveyed cases from

numerous jurisdictions, however, and concluded that "absent egregious conduct or an intent to annoy, abuse, or harass a debtor, merely calling a debtor repeatedly, even multiple times in a single day, does not violate the FDCPA." 2017 WL 751420, at *3. The Court finds *Hinderstein*'s synthesis of caselaw and bottom-line conclusion persuasive, especially because it seems to strike the right balance between eliminating abusive practices without disadvantaging competitors who are simply trying to reach a debtor.

Martinez, however, relies on more than just call volume. Citing his own notes, Martinez contends that Alltran continued to call him after he asked them to stop doing so. Martinez also contends that Alltran called his family members. Although a jury reasonably could accept that Alltran was just trying to connect with Martinez, the Court cannot say these facts compel that conclusion as a matter of law. Absent a bright-line rule, this case requires a weighing of evidence and is inappropriate for summary judgment disposition.[1]

**IT IS ORDERED** that Alltran's motion for summary judgment (Doc. 51) is **DENIED**. The parties are directed to participate in a telephonic trial scheduling conference before Judge Douglas L. Rayes on **April 17, 2020 at 9:00 a.m.** The parties will be provided call-in information via separate email.

Dated this 6th day of April, 2020.

Douglas L. Rayes
United States District Judge

---

[1] Martinez asks the Court to sanction Alltran for filing what he views as a frivolous motion. These facts present a close call. Alltran's motion was not frivolous. The request for sanctions is denied.