**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Domingo Martinez,<br><br>  Plaintiff,<br><br>v.<br><br>Alltran Financial LP,<br><br>  Defendant. | No. CV-18-04815-PHX-DLR<br><br>**ORDER** |

Plaintiff accused Defendant of violating the Telephone Consumer Protection Act ("TCPA") and the Fair Debt Collection Practices Act ("FDCPA"). (Doc. 1.) The parties later stipulated to the dismissal of the TCPA claim with prejudice, and with each party bearing their own attorneys' fees, costs, and expenses. (Docs. 45, 47.) After the Court denied Defendant's motion for summary judgment on the remaining FDCPA claim (Doc. 58), Defendant served Plaintiff with an offer of judgment under Federal Rule of Civil Procedure 68(a) (Doc. 63). Plaintiff accepted the offer of judgment, under which judgment was entered against Defendant in the amount of $1,501.00, plus taxable and recoverable costs and attorneys' fees accrued through the date of the offer of judgment. (Docs. 64-1, 65.) The offer of judgment provided that, if the parties could not agree on the amount of such costs and attorneys' fees, they would be decided by the Court upon application by Plaintiff. The parties could not agree on a figure and, consequently, the Court now has before it Plaintiff's motion for attorneys' fees and costs (Doc. 66), which is fully briefed

(Docs. 69, 70).[1]

Plaintiff is entitled to reasonable attorneys' fees and costs incurred in litigating his FDCPA claim, both because the FDCPA authorizes an award of reasonable attorneys' fees and costs to the prevailing party, 15 U.S.C. § 1692k(a)(3), and because the terms of the offer of judgment provide for such. Plaintiff is not entitled to reasonable attorneys' fees and costs incurred in litigating his TCPA claim for precisely the opposite reasons: the TCPA does not authorize such an award, *see Richardson v. Verde Energy USA, Inc.*, No. 15-6325, 2016 WL 7380708, at *6 (E.D. Pa. Dec. 19, 2016) (collecting cases),[2] and the parties' stipulation to dismiss the TCPA expressly provided that each party would bear their own fees and costs. The Court is mindful, however, that Plaintiff's claims shared the same factual basis and, therefore, the same work sometimes would have been performed for the FDCPA claim even in the absence of the TCPA claim. Accordingly, where it is reasonably clear that a fee was incurred for work performed specifically on the TCPA claim, the Court will discount it. But where the fees cannot so clearly be segregated by claim, the Court will infer that the work performed was common to both claims.

The Court uses the "lodestar" method to assess the reasonableness of attorneys' fees. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). "In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986). "In determining reasonable hours, counsel bears the burden

---

[1] Plaintiff's request for oral argument is denied as unnecessary. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f); *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

[2] Defendant's citation of *Clifford v. Trump*, CV 18-06893-SJO (FFMx), 2018 WL 6519029 (C.D. Cal. Dec. 11, 2018), for this proposition is bizarre. (Doc. 69 at 2.) The TCPA at issue in *Clifford* was the Texas Citizens Participation Act, not the Telephone Consumer Protection Act. The *Clifford* decision also explicitly states that the Texas Citizens Participation Act requires an award of fees and costs to the successful movant on an anti-SLAPP motion. Defendant's explanatory parenthetical misleadingly quotes *Clifford* out of context.

- 2 -

of submitting detailed time records justifying the hours claimed to have been expended. . . . Those hours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." *Id.* at 1210. To assist the Court in making this calculation, Local Rule of Civil Procedure 54.2 requires a fee application to contain certain supporting documentation, including a task-based itemized statement of attorneys' fees describing the services rendered. Multiplying the number of hours reasonably expended by a reasonable hourly rate produces a presumptively reasonable fee, which "[t]he district court may then adjust upward or downward based on a variety of factors."[3] *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

Here, attorney David Chami billed 82.3 hours at a rate of $500.00 per hour for a total of $41,150.00, attorney Tyler Holyfield billed 2 hours at a rate of $275.00 per hour for a total of $550.00, and unnamed paralegals billed 11.5 hours at rates of $130.00 per hour for a total of $1,495.00. All told, this amounts to $43,195.00 in fees.[4] (Doc. 66 at 3; Doc. 66-2 at 5.)

The Court will begin with the reasonableness of the hourly rates. Mr. Chami submitted a declaration justifying his $500.00 per hour rate. (Doc. 66-1.) In it, he explains that he has been licensed to practice law in Arizona since 2010. His practice specializes in consumer protection cases, and he has worked as the lead or supervising attorney in over 500 such cases since 2015. In that time, he has secured substantial settlements in several consumer protection cases and has prevailed on the merits in others. Mr. Chami represents that $500.00 per hour is his customary fee, and he cites one case, *Gross v. CitiMortgage Inc.*, No. CV-18-02103-PHX-ROS, in which this Court has approved his $500.00 per hour rate. (Docs. 66-11.) Although Mr. Chami's $500.00 rate is high, it does not appear to be outside the bounds of reasonableness for an attorney in the Phoenix community with his

---

[3] These factors are sometimes called the *Kerr* factors, after *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67 (9th Cir. 1975). *See Morales*, 96 F.3d at 363 fn.8.

[4] The task-based itemization attached as Exhibit 2 to Plaintiff's motion inaccurately calculates the total attorney time spent on this case as 82.3 hours. Mr. Chami billed 82.3 hours and Mr. Holyfield billed 2 hours, making the total 84.3 hours. (Doc. 66-2.)

experience and skill in consumer protection matters. The Court will accept Mr. Chami's $500.00 per hour rate as reasonable.

Mr. Chami provides no information about Mr. Holyfield's education, experience, skill, or reputation, nor that of the paralegals who worked on this case. In a declaration, Defense counsel submits that, based upon his fourteen years of experience practicing in Arizona, rates for associate attorneys who have been practicing for 1 to 3 years range from $175.00 to $250.00 per hour, and more senior associate rates range from $275.00 to $300.00 per hour. Defense counsel also declares that paralegal rates in the community average between $120.00 and $150.00 per hour. (Doc. 69 at 30-31.) Given the absence of any evidence regarding the reasonableness of the rate charged by Mr. Holyfield, the Court will reduce his hourly rate to $175.00 per hour. The Court will accept the paralegals' $130.00 per hour rates, which appear to be within the average for the Phoenix community.

Next, the Court will examine the reasonableness of the hours expended. At the outset, the Court observes that Mr. Chami's task-based itemization fails to comply with LRCiv 54.2(e)(1)(A) in that it does not identify the dates on which any of the services were performed. (Doc. 66-2.) Considering this fundamental omission, the Court would be within its discretion to deny the fee application outright, but the Court declines to do so for three reasons. First, the dates for some of the services can be determined by comparing the itemized statement with the docket (for example, the Court can determine when counsel appeared for the scheduling conference in this case). Second, the approximate date ranges for other services can reasonably be inferred (for example, the Court can reasonably approximate when Mr. Chami reviewed Defendant's summary judgment motion based on the date the motion was filed). Third, the omission of dates does not appear to have prejudiced Defendant's ability to respond to the fee application and raise objections. However, in future cases, Mr. Chami should be more careful in preparing his itemized statements.

To assist the Court in evaluating Mr. Chami's itemized statement, Defendant prepared and submitted an annotated version of that document that supplies line numbers

for each entry. (Doc. 69 at 25-29.) The Court will work from that annotated document. Line numbers referenced in this order correspond to the line numbers on the annotated itemized statement. Having reviewed the fee entries and considered Defendant's objections, the Court makes the following adjustments.

The paralegal service entries on lines 2, 8, 9, 20, 26, 28, 35, 38, 39, 41, 45, and 49 reflect work that is clerical or administrative in nature. In addition, the paralegal services reflected on line 17 are at least in part clerical or administrative. Although a reasonable fee award can include compensation for non-attorneys if their labor contributes to work product, the fee-requesting party must prove that it is customary in the relevant market to bill separately for such work. "Otherwise, it is typically assumed that clerical . . . work is subsumed into firm overhead." *Innovative Sports Mgmt. Inc. v. Singh*, No. CV-18-02211-PHX-MTL, 2020 WL 3574582, at *3 (D. Ariz. July 1, 2020). Mr. Chami presents no such evidence here, and "this Court generally excludes hours related to clerical work like filing documents, preparing or serving summons, and document organization." *G&G Closed Circuit Events LLC v. Espinoza*, No. CV-18-08216-PCT-JAT, 2020 WL 1703630, at *2 (D. Ariz. Apr. 8, 2020). The Court therefore will disallow fees for the paralegal services on lines 2, 8, 9, 20, 26, 28, 35, 38, 39, 41, 45, and 49, and will reduce the compensable time on line 17 from 1 hour to 0.5 hours.

Lines 12, 13, 14, 15, 18, and 19 reflect 10.6 hours in attorney time and 1 hour of paralegal time related to briefing a motion to strike Defendant's affirmative defenses. In ruling on the motion to strike, the Court explicitly cautioned that it was "unlikely to consider the . . . motion to strike to be among those items for which attorney's fees were *reasonably* incurred." (Doc. 31 at 7 n.3 (emphasis in original).) Plaintiff's fee application does not even attempt to change the Court's mind on this point. For the reasons already given in that prior order, the Court finds that it was not a reasonable use of attorney time to brief and file that motion to strike. These time entries will be disallowed.

Lines 29, 30, 31, 32, and 33 reflect 9.2 hours of attorney time related to reviewing, researching, and responding to a letter from Defense counsel seeking the voluntary

dismissal of Plaintiff's TCPA claim, and warning that Defendant would move forward with a motion for sanctions under Federal Rule of Civil Procedure 11 if the TCPA claim was not withdrawn. (*See* Doc. 66-4.) Neither the TCPA nor the terms of the parties' stipulation to dismiss the TCPA claim entitle Plaintiff to attorneys' fees. Accordingly, the Court will disallow these fees because it is reasonably clear that they relate specifically to the TCPA claim.

Lines 50, 51, and 52 reflect 11 hours of attorney time and 0.5 hours of paralegal time on matters that post-date Plaintiff's acceptance of Defendant's offer of judgment, including preparation of this fee application. Time spent preparing a fee application is generally compensable, but an offer of judgment can be conditioned upon a waiver of such fees, provided the waiver is clear and unambiguous. *See Pearson v. National Credit Systems, Inc.*, No. CV 10-526-PHX-MHM, 2010 WL 5146805, at *3 (D. Ariz. Dec. 13, 2010). Here, the offer of judgment clearly and unambiguously[5] limits Plaintiff to attorneys' fees accrued through the date of the offer of judgment. These post-judgment fees therefore will be disallowed.

Line 3 reflects 4.2 hours of attorney time for reviewing "all documents" and preparing a demand letter. Line 1, however, reflects that Mr. Chami spent 3 hours on pre-suit investigation, including reviewing "all documents." Though Mr. Chami might reasonably need to refresh his memory or consult his notes before drafting a demand letter, the Court will not compensate him for reviewing "all documents" twice in such a short span of time. The Court will reduce this entry to 1 hour, which is enough time for Mr. Chami to have reviewed whatever notes he might have taken the first time he reviewed "all documents" and incorporate the relevant information into a demand letter.

Line 6 reflects 3 hours of attorney time to prepare the complaint. The 8-page, 2-count complaint is simple and straightforward, and less than half of it contains factual allegations unique to Plaintiff. (Doc. 1.) An attorney with Mr. Chami's level of experience

---

[5] The Court is unpersuaded by Plaintiff's idiosyncratic reading of the offer of judgment. Moreover, the 2 hours of attorney time reflected on line 52 for "emails between DAC and OC from March 2019 until December 2019" would be disallowed regardless of any waiver in the offer of judgment because this entry is egregiously vague.

in these matters ($500.00-per-hour of experience, to be exact) should have been able to prepare this complaint in less time. The Court will reduce the compensable time to 1 hour.

Line 11 reflects 1 hour of attorney time for reviewing Defendant's answer and affirmative defenses. The answer is 7 pages and consists almost entirely of standard denials and boilerplate affirmative defenses. (Doc. 10.) The Court finds 1 hour to be excessive and will reduce this entry to 0.5 hours.

Line 21 reflects 1.8 hours of paralegal time spent preparing the parties' joint Rule 26(f) report. This report is 9 pages, prepared jointly, and follows a basic formula described by the Court in its order setting the scheduling conference. The Court finds 1.8 hours is excessive given the nature of this report and reduces the compensable time to 1 hour.

Line 22 reflects 1 hour spent reviewing and editing the Rule 26(f) report. The entry appears to be misidentified as paralegal time. The previous paralegal entry was for preparing the Rule 26(f) report "for attorney review." Presumably, then, the following entry for reviewing the report describes attorney work. One hour to "review and edit" a report that has already been prepared by a paralegal, especially given the length and content of the report, is excessive. The Court will reduce this entry to 0.5 hours.

Line 25 reflects 2 hours billed by Mr. Holyfield for attending the scheduling conference in this matter. This appears to be a typographical error. The scheduling conference only lasted 10 minutes. (Doc. 27.) The Court will reduce this entry to 0.2 hours.

Line 42 reflects 3 hours of attorney time for conducting depositions. Defendant has supplied the cover pages of the transcripts from the relevant depositions, which show that the total time spent conducting both depositions was 1 hour and 38 minutes. (Doc. 69 at 32-33.) Mr. Chami's doubling of the time spent conducting depositions cannot be explained away as preparation time because Mr. Chami separately billed 5.8 hours for such preparations. Accordingly, the Court will reduce this entry to 1.7 hours.[6]

---

[6] Defendant argues that the first deposition related only to the TCPA claim, but the Court cannot verify this assertion. The first deposition was of John Sammis, and Mr. Sammis' declaration was used to support Defendant's motion for summary judgment on the FDCPA claim. (Doc. 51-1.) This suggests that Mr. Sammis had information relevant

All told, these adjustments amount to a 38.3-hour reduction of Mr. Chami's time, a 1.8-hour reduction of Mr. Holyfield's time, and a 9.4-hour reduction of the paralegals' time. Although Mr. Chami's itemized statement contains some elements of block billing and could more specifically describe the services rendered, the Court finds the descriptions minimally adequate and the balance of the fee entries to be reasonable. This translates to 44 hours of time billed by Mr. Chami at a rate of $500.00 per hour amounting to $22,000.00, 0.2 hours of time billed by Mr. Holyfield at a rate of $175 per hour amounting to $35.00, and 2.1 hours of paralegal time at a rate of $130 per hour amounting to $273.00. Plaintiff therefore will be award attorneys' fees in the amount of $22,308.00.

Plaintiff also seeks $1,844.35 in costs. Of this, $440 are filing and service fees. Those costs will be allowed. The remaining $1,404.35 are identified as "Deposition cost" and "Printing/Papers/Documents." (Doc. 66-2 at 5.) Plaintiff attaches no invoices, receipts, or other instruments verifying these costs. Given that failure, the Court will not award them. *See* LRCiv 54.2(e)(3). Accordingly,

**IT IS ORDERED** that Plaintiff's motion for attorney's fees (Doc. 66) is **GRANTED** but modified. Plaintiff is awarded $22,308.00 in attorneys' fees and $440 in costs.

Dated this 17th day of March, 2021.

Douglas L. Rayes
United States District Judge

---

to the FDCPA claim. Without more information confirming that Mr. Sammis' deposition had nothing to do with the FDCPA claim, the Court will not disallow these fees.